

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

UNITED STATES OF AMERICA )
)
v. ) CRIMINAL NO. 2:22-CR-101
)
DEON DOMINICK SYKES, )
a/k/a "Animal" )
)
Defendant. )
)

STATEMENT OF FACTS

The parties stipulate that the allegations in Count One of the Superseding Indictment and the following facts are true and correct, and that had the matter gone to trial the United States would have proven them beyond a reasonable doubt with admissible, competent evidence.

1. The defendant, DEON DOMINICK SYKES, a/k/a "Animal," was a member of the Franklin Enterprise (the "Enterprise"), which operated in and around Franklin, Virginia, within the Eastern District of Virginia. This was a criminal organization whose members and associates engaged in acts of violence including acts involving murder, as well as witness intimidation and narcotics trafficking.

2. The Enterprise including its leadership, its membership, and its associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact, that engaged in, and the activities of which, affected interstate and foreign commerce. The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

3. The Enterprise copied many of its rules from the United Blood Nation ("UBN"), a

gang alliance created within the Riker's Island prison complex in or about 1993.

4. The UBN is broken down into individual units called "sets," which utilize common tattoos, communication codes, and language, and are identified by wearing the color red. The Enterprise's leader, Brandon Leonard, held a position of regional leadership in one of the various UBN sets. Several other members and associates of the Enterprise are also members of various UBN sets.

5. Upon his release from state prison in or about 2015, Brandon Leonard returned to Franklin, where he assumed his position of leadership over members and associates of the Enterprise. Leonard was well-known throughout the community of Franklin, Virginia for his ruthless demeanor and reputation for violence, which enabled him to control the criminal activities that took place within that territory.

6. Leonard and other members and associates of the Enterprise gathered to discuss criminal activities and other gang-related business at a residence shared by Leonard and his brother and Enterprise member Edward Leonard located on Railroad Avenue in Franklin, Virginia (the "Railroad House"). Leonard and other Enterprise members and associates also used this residence to distribute narcotics, including, but not limited to, heroin, cocaine, cocaine base, also known as "crack" cocaine, and marijuana. Enterprise members and associates distributed narcotics in Franklin, Virginia with Leonard's permission. Moreover, rival gang members sought Leonard's authorization to conduct criminal activity in Franklin since it was under Leonard's control.

7. In the Enterprise's territory in Franklin, Virginia, members and associates of the Enterprise maintained a unique relationship with the Crip-affiliated neighborhood gang, the "00 Gang" ("00"). For example, Enterprise members and associates and 00 members and associates were non-violent in some social settings.

8. However, in or about December 2017, following disputes between Leonard, members and associates of the Enterprise, and 00 members, a rivalry developed. Shortly after these public disputes arose, Leonard was murdered, which triggered a series of retaliatory attacks by Enterprise members and associates seeking to reestablish their position of authority in Franklin, Virginia territory following Leonard's untimely death.

9. The Enterprise, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, offenses involving drug trafficking, in violation of Title 21, United States Code, Sections 841 and 846.

10. Leonard and several other members and associates of the Enterprise, including the defendant, were previously members and associates of a local street gang known as the "Low Lives," which disbanded around the time that Leonard went to prison in 2012. Members and associates of the Low Lives primarily engaged in acts involving the possession and distribution of controlled substances.

11. Since in or about 2017, the defendant has been an associate of the Enterprise. Enterprise members and associates were also affiliated with various established UBN sets, including, but not limited to Brim Bloods, Nine Trey Gangster Bloods, Sex Money Murder Bloods, and G-Shine. However, this defendant was not an official member of any UBN set. All Enterprise members had direct ties either to the Franklin neighborhood or to Brandon Leonard, and specifically aligned themselves with the Bloods. Leonard's brother, Edward Leonard, was part of the Enterprise, although not a member of an established UBN set.

12. On or about January 25, 2017, Enterprise member Ronald Jenkins, while with the Leonards, distributed a quantity of crack cocaine.

13. On or about February 8, 2017, Ronald Jenkins distributed a quantity of crack cocaine.

14. On December 15, 2017, Brandon Leonard attended an event at a Franklin "shot house," where Bloods and Crips affiliates routinely socialized without incident. There, Leonard had an argument with L.D.B., a 00 affiliate. Leonard then brandished a gun and threatened L.D.B., causing gang members and associates on the Bloods and Crips sides, including S.M., to brandish firearms and threaten each other.

15. On December 17, 2017, Brandon Leonard was shot to death.

16. Following Brandon Leonard's death, on or about December 18, 2017, the defendant and Enterprise members and associates Ronald Jenkins, Tony Sledge, Montrail Manley, Malik Newsome, Edward Leonard, and others, both known and unknown, gathered at the Railroad House and ultimately agreed to kill L.D.B. and other members and associates of 00. The defendant and other Enterprise members conspired to kill these 00 members and associates for the purpose of maintaining and increasing position in the Enterprise.

17. On or about December 18, 2017, the defendant, along with other Enterprise members Ronald Jenkins, Japree Brooks, Montrail Manley, Malik Newsome, Edward Leonard, and others, both known and unknown, gathered at Enterprise member Eugene "Monta" Newsome's residence to continue discussing their plan to kill L.D.B. and other members and associates of 00. Enterprise members and associates, including the defendant, Japree Brooks, and Malik Newsome possessed firearms at the residence. Moreover, Enterprise members and associates, including Japree Brooks and Malik Newsome possessed firearms as they left the residence with the intent to locate and kill L.D.B. and other members and associates of 00.

18. On or about December 18, 2017, Japree Brooks used a firearm to conduct a drive-by shooting of L.D.B.'s residence, narrowly missing C.B., who was sleeping inside.

19. On or about December 18, 2017, Japree Brooks bragged to other Enterprise members and associates about shooting at L.D.B.'s residence.

20. On or about December 19, 2017, the defendant and Enterprise members and associates Ronald Jenkins, Montrail Manley, Tony Sledge, Malik Newsome, Edward Leonard, and others, both known and unknown, gathered at the Railroad House to socialize. After learning that L.D.B. and other members and associates of 00 were nearby, some Enterprise members and associates revisited their plan to kill L.D.B. and other members and associates of 00.

21. On or about December 19, 2017, members and associates of the Enterprise, including this defendant, Malik Newsome, Montrail Manley, and John Thomas, left the Railroad House in two vehicles with the intent to locate and kill L.D.B. and other members and associates of 00. All of them possessed firearms. In particular, the defendant carried a .357-caliber revolver.

22. On or about December 19, 2017, Enterprise members and associates used firearms to shoot and attempt at to kill L.D.B., L.L.B., D.M., and L.P. outside C.M.'s residence on Madison Street in Franklin, Virginia. L.L.B was struck in the hand and leg, and L.P. was struck in the back.

23. On or about December 23, 2017, while riding in Brandon Leonard's funeral procession, Malik Newsome brandished a firearm at another vehicle that had mistakenly merged into the procession. Montrail Manley was in the same vehicle as Malik Newsome and shared possession of that firearm.

24. During Brandon Leonard's funeral, Leonard was dressed in red clothing.

25. Between in or about January 2018 and March 2019, Enterprise member Khalil Wiggins held guns for fellow Enterprise members including this defendant.



26. On February 8, 2019—the late Brandon Leonard's birthday—00 leader S.M. posted on his Instagram account a video mockingly singing "Happy Birthday" to Brandon Leonard and "tagged" Instagram accounts belonging to the 00 Gang and a member of the Enterprise, notifying both parties that the video had been publicly posted. In the same timeframe, the 00 Gang's Instagram account posted an image of a scoreboard reading "0-1" and stating "Ain't nobody from 00 got hit ... but lil b did[.] ... Check the scoreboard 0-1." Brandon Leonard's street name was "Lil' B." This was interpreted by Enterprise members as a blatant act of disrespect toward them and Brandon Leonard.

27. On or about February 8, 2019, S.M. was shot by members and associates of the Enterprise in a parking lot of a Franklin, Virginia apartment complex and sustained serious bodily injury as a result.

28. The defendant was not living in Franklin when the February 8, 2019 shooting took place and had no direct involvement in the incident.

29. The acts taken by the defendant, DEON DOMINICK SYKES, in furtherance of the offenses charged in Count One of the Superseding Indictment, including the acts described above, were done willfully and knowingly with the specific intent to violate the law. The defendant acknowledges that the foregoing statement of facts does not describe all the defendant's conduct relating to the offenses charged in this case, and that it does not identify all of the persons with whom the defendant may have engaged in illegal activities.

[Signatures on next page.]

Respectfully submitted,

Jessica D. Aber
United States Attorney

By: [signature]
Kristen S. Taylor
Assistant United States Attorney

[signature]
Christopher Taylor
Trial Attorney
Organized Crime and Gang Section
United States Department of Justice

After consulting with my attorney, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

Deon Dominick Sykes
Defendant

I am DEON DOMINICK SYKES' attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

Brian Latuga, Esq.
Attorney for Deon Dominick Sykes

